UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL D.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5932-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in (1) assessing her residual functional capacity ("RFC"); (2) discounting certain medical opinions; (3) discounting the lay evidence; (4) relying on Plaintiff's activities to discount her allegation of disability; and (5) failing to include all limitations in the hypothetical posed to the vocational expert ("VE"). (Dkt. # 19 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1970, has a high school diploma and some college coursework, and previously worked as a letter carrier for the United States Postal Service. AR at 44-45. Plaintiff was last gainfully employed in April 2018. *Id.* at 45.

In April 2018, Plaintiff applied for benefits, alleging disability as of April 3, 2018. AR at 177-80. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 113-15, 117-19, 122-23. After the ALJ conducted a hearing in November 2019 (*id.* at 33-82), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-27.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: migraine headaches, de Quervain's disease of the right hand, status post-left shoulder surgery, biceps tendinitis of the right shoulder, lumbago with sciatica, and sprain/trochanteric bursitis of the right hip.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform light work with additional limitations: she cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally stoop and crouch. She cannot kneel or crawl. She can occasionally reach overhead bilaterally. She can frequently handle with the right arm. She cannot have concentrated exposure to vibration, fumes/odors/dusts/gases, and hazards as defined by the Dictionary of Occupational Titles. She cannot be exposed to more than moderate noise levels.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. § 404.1520.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

AR at 15-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# IV. DISCUSSION

## A. The ALJ Erred in Assessing Certain Medical Opinion Evidence

Plaintiff contends that the ALJ erred in assessing two examining physician opinions, each of which the Court will address in turn.

### *1. Legal Standards*

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in

reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

### 2. *Dennis Haack, M.D.*

Dr. Haack examined Plaintiff in June 2018 and wrote a narrative report describing her physical symptoms and limitations. AR at 590-95. Dr. Haack opined that Plaintiff could perform sedentary work, with additional postural, manipulative, and environmental limitations. *Id*. at 595. The ALJ found the opinion partially persuasive, finding (1) the postural and manipulative limitations inconsistent with evidence showing that Plaintiff's shoulder and hand conditions improved with treatment; (2) the exertional limitations inconsistent with evidence showing largely unremarkable physical examinations; and (3) the environmental limitations inconsistent with the evidence showing that Plaintiff's migraines were controlled with medication. *Id*. at 24.

Plaintiff contends that the ALJ failed to provide legally sufficient reasons to find Dr. Haack's opinion partially unpersuasive. First, Plaintiff notes that the evidence cited by the ALJ as demonstrating improvement in her shoulder and hand conditions predates Dr. Haack's examination. (Dkt. # 19 at 8.) The ALJ emphasized that Plaintiff's shoulder condition improved by 2017 (AR at 24), and the Court agrees with Plaintiff that any improvement before Dr. Haack's examination does not undermine the limitations observed by Dr. Haack in June 2018. Although the Commissioner notes that the ALJ explained why she considered evidence predating the adjudicated period (dkt. # 23 at 11 (citing AR at 21)), that explanation does not establish that improvement in 2017 would undermine findings in 2018. Dr. Haack cited his observations of Plaintiff's limited range of motion and pain with overhead reaching as the basis for his opinion as to the restrictions resulting from Plaintiff's shoulder condition (AR at 594-95), as well as Plaintiff's reduced grip strength on the left and wrist testing (*id*. at 594-95), which suggests that

any improvement prior to the date of the examination would be irrelevant to these clinical findings.

Plaintiff also challenges the ALJ's finding that Dr. Haack's opinion was inconsistent with the improvement of her migraines with medication. Plaintiff emphasizes that she still has migraines even with treatment, relying on the same statement that the ALJ relied upon in discounting Dr. Haack's opinion regarding the impact of Plaintiff's migraines. (Dkt. # 19 at 8-9 (citing AR at 591 ("Migraines: States medications keeps these under control.")).) The ALJ plucked that sentence out of a paragraph explaining what Plaintiff meant by "under control": she went on to explain that her "headaches can last up to 3 days, and she treats with medication and resting in a dark quiet place." AR at 591. Dr. Haack later explained that although Plaintiff's migraines could be controlled with medication, they nonetheless persisted and Plaintiff's method of controlling them would not permit her to "reliably work a routine schedule." *Id*. at 594. The ALJ's interpretation of one sentence of Plaintiff's statement to Dr. Haack describing her migraines is unreasonable in light of the context of her entire report.

Because the ALJ's findings with respect to the postural, environmental, and manipulative limitations are not reasonable and/or not supported by substantial evidence, the ALJ erred in discounting those limitations in Dr. Haack's opinion and must reconsider this opinion on remand.

    3.  *Robert Sise, M.D.*

Dr. Sise examined Plaintiff in June 2018 and wrote a narrative report describing her mental symptoms and limitations. AR at 582-86. Dr. Sise described most of Plaintiff's mental abilities as "fair," but found that she was "fair to limited" in her ability to maintain regular attendance and complete a normal workday without interruptions. *Id*. at 585.

The ALJ found that to the extent Dr. Sise indicated disabling limitations, that opinion was inconsistent with Dr. Sise's generally normal mental status examination findings, as well as the "unremarkable" psychiatric findings and records where Plaintiff denied experiencing psychiatric symptoms. AR at 24. The ALJ also found Dr. Sise's opinion undermined by Plaintiff's minimal treatment for mental symptoms. *Id.*

The Court agrees with Plaintiff (dkt. # 19 at 9) that Dr. Sise's mental status examination findings do not directly conflict with his opinion regarding Plaintiff's "fair to limited" ability to attend and complete a workday, but the ALJ identified other evidence that does conflict with that opinion, namely Plaintiff's minimal mental health treatment and denial of psychiatric symptoms. AR at 24 (citing *id.* at 726). Plaintiff admits that "the focus of most of the treatment in the record is physical, not mental[,]" but emphasizes that mental illness is stigmatized. (Dkt. # 19 at 10-11.) Plaintiff did not, however, describe any mental limitations at her administrative hearing, and focused on her physical limitations in her function report as well. *See* AR at 33-82, 275-82. This evidence indicates that the ALJ's interpretation of the record is reasonable, and the ALJ did not err in discounting Dr. Sise's opinion in light of Plaintiff's minimal mental health treatment as well as her own lack of mental complaints. *See, e.g.*, *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (noting that a claimant had never claimed to have problems with many of the conditions and activities the physician instructed her to avoid); *Evans v. Berryhill*, 759 F. App'x 606, 608 (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition"). Although Plaintiff suggests that there is evidence of her participation in group sessions (dkt. # 26 at 6), she has not shown that the ALJ was unreasonable in characterizing that participation as "minimal" treatment for her mental conditions.

Because the ALJ provided at least one legally sufficient reason to discount Dr. Sise's opinion, the Court affirms the ALJ's assessment of this opinion.

**B.      The ALJ Erred in Assessing the Lay Evidence**

The record contains statements written by Plaintiff's two sisters and friend. *See* AR at 372-80. The ALJ explained that she found opinions written by acceptable medical sources with expertise to be more persuasive than the lay statements. *Id*. at 24. The ALJ also noted that Plaintiff's sisters described limitations caused by Plaintiff's migraines, and the ALJ found these statements to be inconsistent with Plaintiff's report to Dr. Haack that her migraines were controlled by medication. *Id*. at 24-25.

Plaintiff argues that the ALJ failed to provide a germane reason to discount the lay statements, as required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

The ALJ's first reason is not germane because it would apply to any lay witness statement and thus amounts to a wholesale disregard for lay statements. The ALJ's second reason also fails because, as explained *supra*, the ALJ misconstrued Plaintiff's report that her migraines were "controlled by medication." Accordingly, on remand, the ALJ should also reconsider the lay statements and either credit them or provide legally sufficient reasons to discount them.

**C.      The ALJ Did Not Harmfully Err in Relying on Plaintiff's Activities to Discount her Allegations**

The ALJ noted that some of Plaintiff's activities (preparing meals, driving, shopping, spending time with others, traveling for 3-4 weeks for a liposuction procedure) are inconsistent

with her allegation that she could not perform even basic work tasks. AR at 23. Plaintiff argues that these activities do not demonstrate that she is capable of working full-time. (Dkt. # 19 at 16.)

But the ALJ did not cite these activities as evidence that Plaintiff can work full-time; instead, the ALJ cited these activities as evidence inconsistent with her allegations, but did not identify any particular allegation that is reasonably inconsistent with these activities. *See* AR at 23. This error is harmless, however, because the ALJ provided other reasons to discount Plaintiff's allegations, citing objective evidence inconsistent with her allegations and evidence of improvement with conservative treatment (*id*. at 20-23). *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Plaintiff has not challenged these lines of reasoning and thus has failed to show harmful legal error in the ALJ's assessment of her allegations.

### D. Some of Plaintiff's RFC Challenges Fail

Plaintiff raises a number of challenges to the ALJ's assessment of her RFC. As explained *supra*, the ALJ erred in assessing Dr. Haack's opinion and as a result must reconsider that opinion, which may lead to modifications in the RFC assessment. This result moots Plaintiff's arguments as to whether the RFC assessment fully accounts for her manipulative limitations, but the Court addresses the other specific RFC arguments here.

#### *1. Function-by-Function Requirement*

At step four, the ALJ must identify a claimant's functional limitations or restrictions, and assess his or her work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (Jul. 2, 1996).

Plaintiff contends that the ALJ's RFC assessment fails to satisfy the function-by-function requirement because it describes her exertional abilities in terms of an ability to perform light work, without more specificity as to her ability to stand, walk, and sit. (Dkt. # 19 at 5-7.) The Ninth Circuit recently considered a similar argument and held that reference to an exertional category defined in the regulations and SSR 83-10 adequately defines the exertional capabilities of a claimant. *See Terry v. Saul*, Case No. 19-56000, slip op. at 6 (9th Cir. May 28, 2021).

As in *Terry*, the Court finds that the ALJ's reference to "light work" as defined in the regulations adequately defines Claimant's exertional abilities, given that SSR 83-10 defines "light work" to require standing/walking off and on for approximately six hours per workday, with intermittent sitting for the remainder of the workday. *See* 1983 WL 31251 at *5-6 (Jan. 1, 1983). Accordingly, the Court finds no error in the ALJ's expression of Plaintiff's RFC via reference to a defined exertional category.

### 2. RFC Discrepancies

Plaintiff contends that two of the three jobs relied upon at step five were mentioned by the VE in response to a hypothetical that reflected the ALJ's written RFC assessment but also included a sit-stand option. *See* AR at 74-75. That the jobs would also be consistent with a more restrictive RFC assessment does not show error in the ALJ's RFC assessment as written, or in the step-five findings. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) ("overinclusion of debilitating factors is harmless").

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Haack's opinion and the lay statements and

either credit them or provide legally sufficient reasons to discount them, and reconsider the RFC assessment and step-five findings as necessary.

Dated this 15th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge